UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENDA MARTINEZ, | Case No. 2:20-CV-618 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendants Las Vegas Metropolitan Police Department ("LVMPD"), Joseph Lombardo ("Sheriff Lombardo"), Padilla Mills ("Officer Mills") and Francisco Rivera's ("Officer Rivera") (collectively, "the LVMPD defendants") motion to dismiss. (ECF No. 4). Plaintiff Brenda Martinez ("Martinez") filed a response (ECF No. 12), to which the LVMPD defendants replied (ECF No. 15).

**I.    Background**

This case involves claims under 42 U.S.C. § 1983 for alleged violations of Junior David Lopez's ("Lopez") Fourth and Fourteenth Amendment rights. (ECF No. 1 at 7–8). Martinez also asserts a *Monell* claim under 42 U.S.C. § 1983 as well as claims for negligence, assault, and battery under Nevada law. *Id.* at 8–14.

During the early morning hours of April 6, 2018, Lopez was pulled over by Officer Mills and Officer Rivera. (ECF No. 4 at 3). Lopez was driving erratically, and Officer Mills and Officer Rivera suspected that he might be intoxicated. *Id.* After coming to a stop, Lopez opened his vehicle door and tossed a handgun out of the vehicle. (ECF No. 1 at 4). Lopez exited the vehicle and knelt on the ground with his hands in the air. *Id.* Officer Mills and Officer Rivera

James C. Mahan
U.S. District Judge

directed Lopez to stay away from the handgun. (ECF No. 4 at 3). Lopez reached in the direction of the handgun, at which point Officer Mills and Officer Rivera shot Lopez. (ECF Nos. 1 at 5; 4 at 3–4). Lopez was struck twice in the upper body and collapsed. *Id.* Several minutes later, Lopez rolled back towards his handgun while reaching his hand out towards it. (ECF No. 4 at 4). Officer Mills fired at Lopez again, striking him in his upper body. (ECF No. 1 at 30; ECF No. 4 at 4). Lopez died from his gunshot wounds. (ECF No. 4 at 4).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, Martinez agrees to voluntary dismiss the negligence claims against LVMPD and Sheriff Lombardo.  (ECF No. 12 at 22).  Martinez does not oppose dismissal of claims against Sheriff Lombardo in his official capacity while retaining claims against him in his individual capacity.  *Id.*  Thus, Martinez's remaining claims are a § 1983 excessive use of force claim, a § 1983 familial relationship claim, a *Monell* claim, and Nevada state law assault, battery, and negligence claims.  (ECF No. 15 at 4–15).  LVMPD moves to dismiss all claims except for the state law negligence claim.  (ECF No. 15 at 15).

#### A. Excessive Force and Interference with Familial Relations Claims

When a plaintiff brings a claim under 42 U.S.C. § 1983, government officials sued in their individual capacities may raise the affirmative defense of qualified immunity.  *See Spoklie v. Montana,* 411 F.3d 1051, 1060 (9th Cir. 2005).  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Indeed, "[q]ualified

**James C. Mahan**
**U.S. District Judge**

1   immunity attaches when an official's conduct 'does not violate clearly established statutory or
2   constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S.
3   Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).

4   The doctrine protects government officials performing discretionary functions from
5   liability for civil damages as long as their conduct does not violate "clearly established statutory
6   or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,
7   457 U.S. 800, 818 (1982). "The principles of qualified immunity shield an officer from personal
8   liability when an officer reasonably believes that his or her conduct complies with the law."
9   *Pearson*, 555 U.S. at 244. Qualified immunity may apply even if the defendant makes a mistake
10  of law or acts based upon a mistake of fact. *Id.* at 231.

11  Deciding whether an officer is entitled to qualified immunity is a two-step inquiry. *Id.* at
12  232. First, the court assesses whether the plaintiff has alleged or shown a violation of a
13  constitutional right. *Id.* Second, the court decides whether the right at issue was clearly
14  established at the time of the defendant's alleged misconduct. *Id*. The Supreme Court has
15  instructed that district judges may use their discretion when deciding which qualified immunity
16  prong to address first, based upon the circumstances of the case at issue. *See id.* at 236.

17  The second prong of the qualified immunity test requires a court to determine whether the
18  right plaintiff claims was violated was "clearly established." *See id.* "[T]he right the official is
19  alleged to have violated must have been 'clearly established' in a more particularized, and hence
20  more relevant, sense: [t]he contours of the right must be sufficiently clear that a reasonable
21  official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S.
22  194, 202 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The dispositive
23  question is "whether it would be clear to a reasonable officer that his conduct was unlawful in
24  the situation he confronted." *Id.*

25  Further, "clearly established law" may "not be defined 'at a high level of generality.'"
26  *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 742

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

(2011)).[1]  Indeed, "[w]ithout that 'fair notice,' an officer is entitled to qualified immunity." *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1777 (2015).

To be clear, "[w]here the defendant raises the affirmative defense of qualified immunity, the initial burden is upon the plaintiff to show that the rights were clearly established, after which the defendant bears the burden of proving that his conduct was reasonable." *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1285 (9th Cir. 1994) (citing *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991)).

In the present case, the LVMPD defendants have asserted qualified immunity regarding the excessive force claims against Officer Mills and Officer Rivera. (ECF No. 4 at 6–16). Under the second prong of the qualified immunity analysis, Martinez must demonstrate that the rights Officer Mills and Rivera purportedly violated were "clearly established." *See Shoshone-Bannock Tribes*, 42 F.3d at 1285 (citing *Romero*, 931 F.2d at 627). Martinez is not required to provide "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix*, 136 S. Ct. at 308 (citing *al–Kidd*, 563 U.S. 731 at 741).

Martinez argues that *Shafer v. Cty. of Santa Barbara* clearly establishes that the use of deadly force is unreasonable in Lopez's situation. (ECF No. 12 at 16–17). However, a close reading of *Shafer* reveals that the crux of the question in that case is whether it was clearly established law that "an officer cannot progressively increase his use of force from verbal commands, to an arm grab, and then a leg sweep maneuver when a misdemeanant refuses to comply with the officer's orders and resists, obstructs, or delays the officer in his lawful performance of duties." *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1113 (9th Cir. 2017).

Lopez's situation is not analogous to Shafer's, as Shafer was armed only with water balloons. *See id.* While irritating, water balloons do not pose a realistic threat to a law enforcement officer in a manner analogous to a handgun. *Shafer* speaks to the use of force to compel a suspect's behavior or prevent obstruction to the lawful performance of duties. *See id.*

---

[1] The Court explicitly noted in *al-Kidd* that it "ha[d] repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." 563 U.S. 731, 742 (2011) (citation omitted).

James C. Mahan
U.S. District Judge

- 5 -

1  Since the crux of the present case involves the use of force in response to a perceived threat, the
2  court is not persuaded that *Shafer* satisfies the second prong of the qualified immunity analysis.
3  As Martinez fails to demonstrate that the LVMPD defendants' actions violated clearly
4  established law, the LVMPD defendants are entitled to qualified immunity on both the Fourth
5  and Fourteenth Amendment claims. Accordingly, the court dismisses Martinez's foregoing
6  § 1983 claims.

### B. Monell Claim

The principal framework governing municipal liability in § 1983 actions against municipalities was established in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). Under *Monell*, municipal liability must be based upon the enforcement of a municipal policy or custom, not upon the mere employment of a constitutional tortfeasor. *Id*. at 691. Therefore, in order for liability to attach, four conditions must be satisfied: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

"To prevent municipal liability . . . from collapsing into respondeat superior liability," federal courts must apply "rigorous standards of culpability and causation" in order to "ensure that the municipality is not held liable solely for the actions of its employees." *Board of Cnty. Comm. of Bryan City v. Brown*, 520 U.S. 397, 405, 410 (1997). Thus, a municipality will only be liable when the "execution of a government's policy or custom . . . inflicts the injury . . . ." *Monell*, 463 U.S. at 694. Indeed, "[o]nly if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Id.* (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 168 (1970))).

In order to show a policy, the plaintiff must identify "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fairley v. Luman*,

James C. Mahan
U.S. District Judge

- 6 -

281 F.3d 913, 918 (9th Cir. 2002) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)) (internal quotation marks omitted). Moreover, the alleged specific municipal policy must be specific in order to sustain plaintiff's § 1983 claim. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[O]bviously, if one retreats far enough from a constitutional violation some municipal 'policy' can be identified behind almost any such harm [(unreasonable use of force)] inflicted by a municipal official").

It is well settled in the Ninth Circuit that a plaintiff generally cannot establish a *de facto* policy with a single constitutional violation. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, a plaintiff's theory must be founded upon practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also McDade v. West*, 223 F.3d 1135 (9th Cir. 2000). "[I]solated or sporadic incidents" are insufficient to enable municipal liability. *Trevino*, 99 F.3d at 918.

Like municipalities, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). In order to hold supervisors liable under § 1983, there must exist "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 646.

Martinez's initial complaint and response to defendants' motion do not address the issue of supervisor liability or *Monell* liability outside of the claim that the actions of Officer Mills, Officer Rivera, and other LVMPD personnel were "approved, tolerated, and/or ratified by policy-making officials of LVMPD." (ECF No. 1 at 9). As Martinez has not pleaded any further facts to suggest that the LVMPD defendants' actions during and leading up to Lopez's traffic stop are the result of a specific policy or custom, her *Monell* claim against the LVMPD defendants fails. Thus, the court dismisses Martinez's *Monell* claim.

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

### C. State Law Claims

This court may exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. However, § 1367(c) also authorizes the court to "decline to exercise supplemental jurisdiction over a claim" in one of four circumstances:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*

Martinez's remaining claims are state law assault, battery, and negligence claims. In order to bring these claims before the court, Martinez "invoke[d] the supplemental jurisdiction of this [c]ourt under 28 U.S.C. § 1367(a) to hear and adjudicate state law claims." (ECF No. 1 at 5). However, Martinez's federal claims have been dismissed. Thus, the court declines to exercise supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367(c)(3).

Accordingly, Martinez's third and fourth causes of action are dismissed *sua sponte*.

### D. Dismissal Without Prejudice

"As a general rule, 'dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (quoting *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)) (brackets omitted). Martinez's complaint is deficient, but such deficiency may be cured by amendment. Thus, the court dismisses her claims without prejudice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the LVMPD defendants' motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that Martinez's first and second causes of action be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that Martinez's third and fourth causes of action be, and the same hereby are DISMISSED without prejudice, *sua sponte* for lack of jurisdiction.

The clerk is instructed to enter judgment and close the case accordingly.

DATED July 29, 2020.

                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**